[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 21, 2008
THOMAS K. KAHN
CLERK

No. 07-11632
Non-Argument Calendar

--------------------------------------

BIA No. A79-419-591

DOMENIKO BUSHI,
a.k.a. Corrado Ghisaura,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

-------------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
-------------------------------------------------------------------

**(March 21, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Domeniko Bushi, a native and citizen of Albania, petitions for review of the

affirmance by the Board of Immigration Appeals ("BIA") of the decision of the

Immigration Judge ("IJ"). The decision denied asylum and withholding of removal.[1] No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal citation omitted). Therefore, a finding of fact will be reversed only when the record compels, instead of merely supports, a reversal. Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political

---

[1] The decision also denied relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). But Bushi does not make an argument about the denial of CAT relief; this claim is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that a petitioner abandons an issue by failing to offer argument on that issue).

opinion.  8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1).  The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence.  Forgue, 401 F.3d at 1286-87.  An adverse credibility determination alone may be sufficient to support the denial of asylum relief.  Id. at 1287.  But "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant."  Id.  "A credibility determination, like any fact finding, may not be overturned unless the record compels it."  Id. (internal quotation omitted).

On appeal, Bushi argues that his testimony and submitted evidence -- about a roadside attack against him by policemen after a Democratic Party demonstration and a later hospitalization -- established that he suffered past persecution in Albania by the Socialist Party because of his participation in the Albanian Democratic Party.  He also argues that the IJ and BIA erred in making an adverse credibility determination against him based on his answers to questions at his airport interview upon his arrival in the United States; he submits that the IJ and BIA should have realized he was unable to give a full and accurate account of his case at this interview because of the mistreatment he endured in Albania.  We disagree.

Here, the BIA agreed with the IJ's adverse credibility determination and explained that (1) Bushi's testimony at the asylum hearing -- about negative answers given at his airport interview on whether he belonged to a political group or had been persecuted in Albania -- was evasive, incomplete, and untruthful, and he also twice acknowledged that he had not been persecuted in Albania; (2) Bushi's story about being beaten up by police officers for his activities with the Democratic Party and hospitalized for nine days was not specific or believable and unsupported by authenticated corroborating evidence. The BIA also rejected Bushi's contention on appeal that he was afraid to speak freely at the airport interview because he was traumatized by being beaten in Albania, noting that he had not offered this explanation at his asylum hearing when asked about his airport interview responses.

The BIA provided specific and cogent reasons for its credibility determination, which is supported by substantial evidence. See D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 819 (11th Cir. 2004). Nothing in the record compels us to substitute our judgment on the issue. A review of Bushi's statements at the airport interview, in his asylum application, and at the asylum hearing reveal inconsistencies on material elements of his claim that he, as a member of the Albanian Democratic Party, suffered political persecution by the

Albanian Socialist Party.[2]  In his asylum application and hearing testimony, Bushi stated that he left Albania after a roadside attack by four uniformed policeman that resulted in an alleged nine-day hospitalization.  But he did not mention this attack, or his party membership, in his airport interview -- only four months after the alleged incident -- and when asked about this omission by the IJ, he became evasive and non-responsive.

And the BIA, in agreeing with the IJ, indicated that it considered other evidence in the record -- besides Bushi's testimony -- in denying relief.  See Forgue, 401 F.3d at 1287.  The IJ determined that the evidence submitted by Bushi -- including a Democratic Party registration card, a letter from a party chairman stating that Bushi was a member who took part in campaign activities, and a statement by a "legal-medical" expert who had examined Bushi after the alleged roadside attack -- was not examined or verified.  While this fact does not mean that the documents necessarily are unreliable, Bushi's evidence does not compel a conclusion that the IJ clearly was wrong to discredit these items.  Other evidence in the record does not support his claim, either.  For example, the State

---

[2]Notably, the adverse credibility determination in this case is governed by the REAL ID Act of 2005 because Bushi filed his asylum application with the IJ after the Act's effective date.  Under 8 U.S.C. § 1158(b)(1)(B)(iii), the IJ may make a credibility determination based on the totality of the circumstances and all relevant factors, whether or not inconsistencies and inaccuracies go to the heart of the alien's claim.  See Chen v. U.S. Attorney Gen., 463 F.3d 1228, 1231 (11th Cir. 2006).

Department's Country Report and Asylum Profile on Albania noted that the Socialist Party led a coalition government, while the Democratic Party was the main opposition party, but did not indicate targeted persecution of Democratic Party members or supporters.

In sum, the BIA provided cogent reasons for its credibility determination: and these reasons are supported by substantial record evidence. See D-Muhumed, 388 F.3d at 819 (citations omitted). Bushi's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal. See Forgue, 401 F.3d at 1288 n.4.

PETITION DENIED.